## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**NATIONAL SHOPMEN PENSION FUND,** *et al.* )
                                          )
                        **Plaintiffs,**   )
                                          )
                        **v.**            )          **Civil Action No. 12-0582 (ESH)**
                                          )
**ROBERT S. RUSSELL,**                    )
                                          )
                        **Defendant.**    )
_____)

## <u>MEMORANDUM OPINION</u>

Plaintiffs National Shopmen Pension Fund (the "Fund") and its Trustees,  filed this action

against defendant Robert S. Russell seeking to recover payments owed pursuant to an

"Agreement in Lieu of Execution" ("Settlement Agreement") and interest on the amount due

pursuant to the settlement agreement at the rate of 8% *per annum*.  Before the Court is plaintiffs'

motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b) (Pls.' Mot. for Default

Judgment ("Pls.' Mot."), June 19, 2012 [ECF No. 7].)  For the reasons stated herein, that motion

will be granted, and a default judgment against defendant and in favor of plaintiffs in the amount

of $1,527,903.85 will be entered.

## BACKGROUND

Plaintiff Fund is a multi-employer joint labor-management defined benefit pension

fund established pursuant to Section 302(c) of the Labor Management Relations Act, 29 U.S.C.

186(c).  (Compl. ¶ 2.)  It maintains its offices and is administered in the District of Columbia.

(*Id.*)  Its purpose is to provide retirement and related benefits to the eligible employees of

employers who contribute to the Fund pursuant to various collective bargaining agreements with

local unions affiliated with the Shopmen's Local Unions of the International Association of

Bridge, Structural and Ornamental Iron Workers, AFL-CIO.  (*Id.*)  At all relevant times,

defendant Russell was the owner and sole shareholder of Rusco Steel Company a.k.a. Rusco

Steel Co. ("Rusco Steel").  (*Id.* ¶ 7.)  Rusco Steel and Shopmen's Local Union No. 523 were

parties to and were bound by successive collective bargaining agreements ("Agreements")

requiring contributions to the Fund for employees covered thereby.  (*Id.* ¶ 8.)  On or about

January 1, 2003, Rusco Steel permanently ceased to have an obligation to contribute to the Fund,

thereby withdrawing from the Fund in a statutory "complete withdrawal" as defined in § 4203 of

ERISA, 29 U.S.C. § 1383.  (*Id.* ¶ 9.)  As a result of this complete withdrawal, Rusco Steel

incurred withdrawal liability to the Fund in the amount of $1,285,530.00, as determined under

§4201 (b) of ERISA, 29 U.S.C. §1381(b).  (*Id.* ¶ 10.)

On February 14, 2008, the Fund, Rusco Steel, and defendant entered into a Settlement

Agreement to settle plaintiffs' lawsuit against Rusco Steel for unpaid withdrawal liability.  (See

Pls.' Mot., Ex. A, Attachment 1; Compl. ¶¶ 13, 14.)  Pursuant to the Settlement Agreement,

Rusco Steel and defendant agreed to pay a total of $l,285,530.00 for the aforementioned

withdrawal liability plus interest at 8% *per annum* by making an initial payment of $138,767.69

on or before April 1, 2008, payments of $138,836.16 each year on December 31st for three

consecutive years, with the final payment of $894,890.97 due on December 31, 2012.  (Pls.'

Mot., Ex. A, Attachment 1.)

Defendant failed to make any of the scheduled payments due under the Settlement

Agreement.  (*Id.* ¶ 16.)  On October 10, 2010, the Fund collected $31,778.63 from a lien it had

placed against Mr. Russell's personal real property at 42 Somerset Lane, Nantucket,

Massachusetts.  (*Id.* ¶ 18.)  The Fund has received no other payments with respect to the amount due under the Settlement Agreement.  (*Id.*)

Pursuant to the Settlement Agreement, plaintiffs filed the above-captioned case against defendant to recover the unpaid balance of the Settlement Agreement plus interest at the rate of 8% per annum.  (*Id.* ¶ 20.)  Defendant was served on April 26, 2012, making his answer due by May 17, 2012.  (Return of Service Aff., May 3, 2012 [EC. No. 2].)  After defendant failed to file an answer or otherwise respond to the complaint, plaintiffs filed an affidavit for the entry of default (Aff. for Entry of Default, June 15, 2012 [EC. No. 4]), and the Clerk of Court entered a default against defendant.  (Clerk's Entry of Default, June 18, 2012 [EC. No. 6].)

On June 19, 2012, plaintiffs filed the pending motion for entry of default judgment.  In support of that motion, plaintiff has filed the Affidavit of Marc Rifkind, plaintiffs' attorney of record (Pls.' Mot., Ex. A), the Declaration of A.H. Higgs, the Fund's Administrator (*id.*, Ex. B), and a copy of the Settlement Agreement.  As of the date of this Memorandum Opinion, defendant neither entered an appearance nor filed any pleadings in this case.

## DISCUSSION

Plaintiffs seek a default judgment against defendant and in favor of plaintiffs for: (1) the remaining settlement agreement sum, which plaintiffs calculate to be $1,253,751.37 ($1,285,530 less the $31,778.63 collected from the lien); and (2) interest on the settlement amount at the rate of 8% *per annum*, which plaintiffs calculate from February 2008 through the present to be $274,152.48.[1]

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and venue is proper under 28 U.S.C. § 1391(2).

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. RWAmrine Drywall Co., Inc.*, 239 F. Supp.2d 26, 30 (D.D.C. 2002) (internal citation omitted).

After a default has been entered, a court may enter a default judgment order pursuant to Rule 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall*, LLC, 531 F. Supp.2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir.1980)). Courts strongly favor resolution of disputes on their merits, but default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. . . . The diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980) (internal quotations omitted). Thus, a default judgment is warranted if defendant is a "totally unresponsive party" and its default is plainly willful, as reflected by its failure to respond "either to the summons and complaint, the entry of default, or the motion for default judgment." *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, at *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836).

"Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain."

*Id.* (citing *Adkins v. Teseo*, 180 F. Supp.2d 15, 17 (D.D.C. 2001)).  Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested.  *Id.*  "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1981)).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied."  *Int'l Painters and Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotation marks omitted).  And this is not a case where the application for default should be denied because "the allegations of the complaint, even if true, are legally insufficient to make out a claim."  *Gutierrez*, 2000 WL 331721, at *2.  Finally, no hearing is needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter," Fed. R. Civ. P.  55(b)(2), as there are sufficient "detailed affidavits [and] documentary evidence" to allow the Court to independently assess "the appropriate sum for the default judgment."  *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2006) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

## CONCLUSION

Accordingly, and for the reasons set forth above, the Court will grant plaintiff's motion for default judgment and enter judgment in favor of plaintiffs and against defendant in the amount of $1,527,903.85, representing  (1) the remaining settlement agreement sum of $1,253,751.37 ($1,285,530 less the $31,778.63 collected from the lien); and (2) interest on the

settlement amount at the rate of 8% *per annum*, which plaintiffs calculate as $274,152.48 .

     A separate Order of Judgment accompanies this Memorandum Opinion.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE June 25, 2012